IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**OMAR ISRAEL HERNANDEZ,**

    **Petitioner,**

    v.                                                         **CASE NO. 22-3001-JWL**

**SHANNON MEYER, Warden,**
**Lansing Correctional Facility,**

    **Respondent.**

### ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Lansing Correctional Facility in Lansing, Kansas. The Court grants Petitioner's motion for leave to proceed *in forma pauperis*. The Court has examined the record and orders Petitioner to show good cause why his Petition should not be dismissed.

**Background**

Petitioner is currently in the custody of the Kansas Department of Corrections ("KDOC") serving his state criminal sentence. Petitioner does not appear to be challenging his state conviction or sentence. Petitioner marks the box on his Petition indicating that he is challenging a detainer. (Doc. 1, at 2.) Petitioner also alleges that he is challenging deportation. *Id*. It appears as though Petitioner may be challenging an Immigration and Customs Enforcement ("ICE") detainer lodged with the KDOC.

**Discussion**

Petitioner alleges that he is challenging deportation. Although Petitioner does not specify that he is challenging a final removal order, this Court would lack jurisdiction to consider such a

challenge.

The federal district courts have habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003).  However, judicial review of final removal orders is limited to the courts of appeal.  *See Thoung v. United States*, 913 F.3d 999, 1001 (10th Cir. 2019) (finding that "[r]emoval orders may be challenged only by way of a petition for review filed in the court of appeals").  "According to § 1252(a)(5), 'petitions for review' filed with the courts of appeal are the 'sole and exclusive means for judicial review from an order of removal[]' [a]nd the statute specifically excludes 'habeas corpus review pursuant to sections 1241 . . . or any other habeas corpus provision.'"  *Id*. at 1001–02 (citing 8 U.S.C. § 1252(a)(5)); *see also Green v. Napolitano*, 627 F.3d 1341, 1347 (10th Cir. 2010) (stating that "a petition for review of a final removal order must be filed in the appropriate circuit court, not a district court") (citations omitted).

Petitioner indicated in his Petition that he is challenging a detainer.  It appears as though Petitioner may be challenging an ICE detainer lodged with the KDOC.  "A state prisoner's challenge to a detainer lodged by a sovereign other than the one currently holding him in custody, whether it be another State or federal authorities, is normally raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241."  *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013) (citations omitted).  To obtain habeas corpus relief, a petitioner must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

An inmate challenging an ICE detainer, however, must be in custody pursuant to the ICE detainer.  *Ikunin*, 2013 WL 2476712, at *1.  "The mere lodging of a detainer by an ICE agent

does not constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to [an] inmate's release." *Id.* (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 657 F. Supp. 2d 1218, 1229–30 (D. Colo. 2009), *aff'd* 366 F. App'x 894 (10th Cir. 2010) ("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.") (and cases cited therein); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (custody requirement satisfied by final deportation order)).

Petitioner has not shown that he is in custody pursuant to an ICE detainer. In his Petition, he references a removal or reinstatement order dated September 21, 2012, but states "N/A" next the question asking whether he was taken into immigration custody. (Doc. 1, at 4.) Petitioner does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals. His Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order. In *Herrera v. Milyard*, the court dismissed the petition where petitioner failed to demonstrate that he was in ICE custody. *Herrera v. Milyard*, Civil Action No. 09–cv–00808–BNB, 2009 WL 1806700, at *1 (D. Colo. June 24, 2009). The court stated that:

> Mr. Herrera does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued. A detainer only indicates that the [sic] ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement.

*Id*. (citing *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994)); *see also Jaghoori v. United States*, No. 11–3061–SAC, 2011 WL 1336677, at n.4 (D. Kan. April 7, 2011). Because Petitioner has not shown that he is in ICE custody, his Petition is subject to dismissal.

In addition, Petitioner is not entitled to relief under K.S.A. § 22-4401[1] because the Interstate Agreement on Detainers ("IAD") does not apply to ICE civil detainers. *Quintero v. Immigration & Customs Enforcement*, Civil Action No. GLR–12–1877, 2012 WL 4518083, at *1 (D. Md. Sept. 27, 2012) (denying request to compel ICE to adjudicate immigration status and stating that "[t]he concept of prosecutorial discretion as applied to immigration enforcement activity such as a decision to place a particular alien in removal proceedings has specifically been reaffirmed by the Supreme Court") (citations omitted). "Immigration deportation proceedings are not criminal proceedings[,]" but rather "are civil in nature and are not conducted by a court of the United States." *Angeles v. INS*, No. 3:10–cv–00640–HDM–RAM, 2010 WL 4791747, at *1 (D. Nev. Nov. 18, 2010) (citing *Argiz v. United States Immigration*, 704 F.2d 384, 387 (7th Cir. 1983)). "Therefore, an immigration charge cannot be classified as an 'untried indictment, information, or complaint' within the meaning of the [Interstate] Agreement [on Detainers]." *Id*. (finding that the Interstate Agreement on Detainers did not apply to immigration

---

[1] The Interstate Agreement on Detainers Act is codified at K.S.A. §§ 22-4401, et seq., and "allows inmates imprisoned in other states or in federal prisons to request the disposition of charges pending against them in Kansas." *State v. Ordway*, 468 P.3d 346 (Table), 2020 WL 4555803, at *3 (Kan. Ct. App. Aug. 7, 2020). Under the agreement, the contracting states agree that:
> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prison, he shall be brought to trial within one hundred and eighty (180) days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint.

K.S.A. § 22-4401, Art. III, sub. (a). "State" is defined as "a state of the United States; the United States of America; a territory or possession of the United States; the District of Columbia; the Commonwealth of Puerto Rico." *Id*. at Art. II, sub. (a). The United States entered into the Interstate Agreement on Detainers on its own behalf and on behalf of the District of Columbia. *See* 18 U.S.C. App. 2 § 2.

detainers and stating that the court does not have authority to grant relief because only the Attorney General of the United States has the authority to remove an alien); *see also Deutsch v. United States*, 943 F. Supp. 276, 279 (W.D. N.Y. 1996) (finding no right to a speedy deportation hearing and that the provisions of the Speedy Trial Act and the Interstate Agreement on Detainers do not apply); *Moreno Escobar v. U.S. Dep't of Justice*, No. MISC 05–0048, 2005 WL 1060635, at *1 (E.D. Pa. May 5, 2005) (immigration detainer is neither an indictment nor information nor a complaint and IAD does not apply).

Petitioner has not alleged that prison officials used a detainer to affect his conditions of confinement. Regardless, this type of claim must be presented in a civil rights complaint under 42 U.S.C. § 1983 after all administrative remedies have been exhausted. *Cabrera v. Trammell*, Case No. CIV 11–151–FHS–KEW, 2012 WL 12950484, at *1 (E.D. Okla. Feb. 1, 2012), *aff'd* 488 F. App'x 294 (10th Cir. 2012) ("Regarding petitioner's allegations that prison officials have used the detainer to prevent his transfer to a minimum security facility and otherwise worsen his confinement and sentence, habeas corpus is not the proper means for raising challenges to conditions of confinement.") (citing *Rael v. Williams*, 233 F.3d 1153, 1154 (10th Cir. 2000), *cert. denied*, 531 U.S. 1083) (2001)).

Petitioner has not indicated that he has exhausted available administrative remedies prior to filing suit in federal court. *See Jaghoori*, 2011 WL 1336677, at *3 (finding that to proceed under § 2241 a petitioner must show exhaustion of available administrative remedies, and petitioner alleged no facts indicating that he had made any effort to remove the detainer through ICE or the prison grievance process). Petitioner marked "no" on his Petition in response to the question regarding whether he had appealed the decision, filed a grievance, or sought an administrative remedy. (Doc. 1, at 2.)

Petitioner alleges as Ground One that he has been a United States citizen his whole life, and states that he grew up in the United States and his family is located in the United States. If Petitioner is claiming that the ICE detainer is invalid because he is a United States citizen, he fails to allege that he has taken appropriate steps to contest the detainer on this or any other grounds or that he has provided ICE with proof that he is not subject to an immigration detainer. *Ikunin*, 2013 WL 2476712, at *2 (plaintiff failed to show that he took the appropriate steps to contest the detainer or that he challenged it through the prison grievance process).

Petitioner's § 2241 Petition challenging his ICE detainer is subject to dismissal because Petitioner has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. Petitioner is granted an opportunity to show good cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **February 4, 2022**, in which to show good cause why the Petition should not be dismissed.

**IT IS SO ORDERED**.

**Dated January 6, 2022, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**