IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

OMAR ISRAEL HERNANDEZ,

      Petitioner,

      v.                                   CASE NO. 22-3001-JWL

SHANNON MEYER, Warden,
Lansing Correctional Facility,

      Respondent.

## MEMORANDUM AND ORDER

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner is in state custody at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Petitioner leave to proceed *in forma pauperis*. On January 6, 2022, the Court entered an Order to Show Cause (Doc. 3) ("OSC"), directing Petitioner to show good cause why the Petition should not be dismissed for the reasons set forth in the OSC. This matter is before the Court on Petitioner's Response (Doc. 4). Petitioner has failed to show good cause why the Petition should not be dismissed.

**Background**

Petitioner is currently in the custody of the Kansas Department of Corrections ("KDOC") serving his state criminal sentence. Petitioner does not appear to be challenging his state conviction or sentence. Petitioner marks the box on his Petition indicating that he is challenging a detainer. (Doc. 1, at 2.) Petitioner also alleges that he is challenging deportation. *Id*. It appears as though Petitioner may be challenging an Immigration and Customs Enforcement ("ICE") detainer lodged with the KDOC.

**Discussion**

Petitioner alleges that he is challenging deportation. The Court found in the OSC that although Petitioner does not specify that he is challenging a final removal order, this Court would lack jurisdiction to consider such a challenge. The federal district courts have habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *Demore v. Kim*, 538 U.S. 510, 517–18 (2003). However, judicial review of final removal orders is limited to the courts of appeal. *See Thoung v. United States*, 913 F.3d 999, 1001 (10th Cir. 2019) (finding that "[r]emoval orders may be challenged only by way of a petition for review filed in the court of appeals").

Petitioner indicated in his Petition that he is challenging a detainer. The Court found in the OSC that it appears as though Petitioner may be challenging an ICE detainer lodged with the KDOC. The Court found in the OSC that an inmate challenging an ICE detainer must be in custody pursuant to the ICE detainer. *Ikunin v. United States*, No. 13–3072–RDR, 2013 WL 2476712, at *1 (D. Kan. June 7, 2013). "The mere lodging of a detainer by an ICE agent does not constitute custody where no formal deportation proceedings have been commenced and no final deportation order has issued, since the detainer may be only a request that KDOC authorities notify ICE prior to [an] inmate's release." *Id*. (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 657 F. Supp. 2d 1218, 1229–30 (D. Colo. 2009), *aff'd* 366 F. App'x 894 (10th Cir. 2010) ("Almost all of the circuit courts considering the issue have determined that the lodging of an immigration detainer, without more, is insufficient to render someone in custody.") (and cases cited therein); *see also Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir. 2001) (custody requirement satisfied by final deportation order)).

The Court found in the OSC that because Petitioner has not shown that he is in ICE custody, his Petition is subject to dismissal.  In his Petition, he references a removal or reinstatement order dated September 21, 2012, but states "N/A" next the question asking whether he was taken into immigration custody.  (Doc. 1, at 4.)  Petitioner does not allege that he has been ordered removed or that he has appealed any removal order to the Board of Immigration Appeals.  His Petition suggests that he is in custody serving his state criminal sentence, rather than due to immigration detention or a removal order.  In *Herrera v. Milyard*, the court dismissed the petition where petitioner failed to demonstrate that he was in ICE custody. *Herrera v. Milyard*, Civil Action No. 09–cv–00808–BNB, 2009 WL 1806700, at *1 (D. Colo. June 24, 2009).  The court stated that:

> Mr. Herrera does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued.  A detainer only indicates that the [sic] ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement.

*Id.* (citing *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994)); *see also Jaghoori v. United States*, No. 11–3061–SAC, 2011 WL 1336677, at n.4 (D. Kan. April 7, 2011).

The Court also found in the OSC that:  Petitioner is not entitled to relief under K.S.A. § 22-4401; Petitioner has not alleged that prison officials used a detainer to affect his conditions of confinement, and in any event this type of claim must be presented in a civil rights complaint under 42 U.S.C. § 1983 after all administrative remedies have been exhausted; and Petitioner has not indicated that he has exhausted available administrative remedies prior to filing suit in federal court.  *See Jaghoori*, 2011 WL 1336677, at *3 (finding that to proceed under § 2241 a petitioner must show exhaustion of available administrative remedies, and petitioner

alleged no facts indicating that he had made any effort to remove the detainer through ICE or the prison grievance process). Petitioner marked "no" on his Petition in response to the question regarding whether he had appealed the decision, filed a grievance, or sought an administrative remedy. (Doc. 1, at 2.)

The Court found in the OSC that if Petitioner is claiming that the ICE detainer is invalid because he is a United States citizen, he fails to allege that he has taken appropriate steps to contest the detainer on this or any other grounds or that he has provided ICE with proof that he is not subject to an immigration detainer. *Ikunin*, 2013 WL 2476712, at *2 (plaintiff failed to show that he took the appropriate steps to contest the detainer or that he challenged it through the prison grievance process).

Petitioner fails to show good cause why his Petition should not be dismissed. In his response, Petitioner states that he would like to amend his "complaint" to drop Shannon Meyer as a "defendant." (Doc. 4, at 1.) Petitioner seeks to add ICE as the respondent, alleging that "[t]he basis of [his] complaint is, [he] is seeking a pathway to citizenship." *Id*. Petitioner alleges that "if this is not possible" he will "drop this suit." *Id*. Petitioner asks the Court to inform him as to what he can do to seek citizenship. *Id*.

This habeas action is not a proper means to seek citizenship. People inquiring about citizenship with the Clerk of Court are provided the phone number for U.S. Citizenship & Immigration Services. That number is 800-375-5283.

Petitioner has not shown that he is "in custody" pursuant to the detainer for purposes of § 2241. Therefore, the Petition is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that the § 2241 Petition for writ of habeas corpus is **dismissed.**

**IT IS SO ORDERED**.

**Dated February 3, 2022, in Kansas City, Kansas.**

             **S/  John W. Lungstrum**
             **JOHN W. LUNGSTRUM**
             **UNITED STATES DISTRICT JUDGE**